

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JAN - 7 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )  CIVIL ACTION NO.: 2:13cv14 |
| AINSLIE GROUP, INC.<br>Serve: Robert E. Ruloff, Registered Agent<br>4525 South Boulevard, Suite 300<br>Virginia Beach, VA 23462 | )<br>)<br>)<br>) |
| AINSLIE GROUP LAND, LLC<br>Serve: Robert E. Ruloff, Registered Agent<br>4525 South Boulevard, Suite 300<br>Virginia Beach, VA 23462 | )<br>)<br>)<br>) |
| COHEN HOMES, L.L.C.<br>Serve: Jeffery W. Ainslie, Registered Agent<br>389 Edwin Drive<br>Virginia Beach, VA 23462 | )<br>)<br>)<br>) |
| JEFFREY W. AINSLIE<br>Serve: Jeffrey W. Ainslie<br>2788 Broad Bay Road<br>Virginia Beach, VA 23451 | )<br>)<br>)<br>) |
| JOHN W. AINSLIE, JR.<br>Serve: John W. Ainslie, Jr.<br>2110 Windward Shore Drive<br>Virginia Beach, VA 23451 | )<br>)<br>)<br>) |
| KENNETH A. COHEN<br>Serve: Kenneth A. Cohen<br>5532 Samuelson Court<br>Virginia Beach, VA 23464-5256 | )<br>)<br>)<br>) |
| and | ) |
| ROBERT A. WIDENER<br>Serve: Robert A. Widener<br>675 Thalia Point Road<br>Virginia Beach, VA 23452, | )<br>)<br>)<br>) |
| Defendants. | ) |

4813-1954-9458.1

## COMPLAINT

Wells Fargo Bank, National Association, successor by merger to Wachovia Bank, National Association ("Wells Fargo"), by counsel, files this Complaint against Ainslie Group, Inc., Ainslie Group Land, LLC, Cohen Homes, L.L.C., Jeffrey W. Ainslie, John W. Ainslie, Jr., Kenneth A. Cohen and Robert A. Widener (collectively, the "Defendants") and requests that the Court enter judgment against the Defendants as set forth below and in support thereof, states as follows:

### I. Parties

1. Wells Fargo is a national banking association with its corporate headquarters located in San Francisco, California and is authorized to conduct business in the Commonwealth of Virginia.

2. Ainslie Group, Inc. ("AGI"), is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Virginia.

3. Ainslie Group Land, LLC ("AGL") is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. Upon information and belief, all members of AGL are residents of Virginia.

4. Cohen Homes, L.L.C. ("CH") is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. Upon information and belief, all members of CH are residents of Virginia.

5. Jeffrey W. Ainslie ("Ainslie") is an individual and a resident of the Commonwealth of Virginia.

6. John W. Ainslie, Jr. ("Ainslie, Jr.") is an individual and a resident of the Commonwealth of Virginia.

2

4813-1954-9458.1

7. Kenneth A. Cohen ("Cohen") is an individual and a resident of the Commonwealth of Virginia.

8. Robert A. Widener ("Widener") is an individual and a resident of the Commonwealth of Virginia.

## II. Jurisdiction and Venue

9. As set forth below, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the amount in controversy and the parties' complete diversity of citizenship.

11. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

## III. The Loans

### A. The Ashville, Edinburg, Preserve Loan

12. AGL and AGI are indebted to Wells Fargo pursuant to a Promissory Note dated December 31, 2010 in the original principal amount of $4,997,724.00, as amended and/or modified (the "Ashville, Edinburg, Preserve Note"). A genuine copy of the Ashville, Edinburg, Preserve Note is attached hereto as **Exhibit A**.

13. Widener unconditionally guaranteed the payment and performance of all obligations due under the Ashville, Edinburg, Preserve Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Widener Guaranty"). A genuine copy of the Widener Guaranty is attached hereto as **Exhibit B**.

14. Ainslie unconditionally guaranteed the payment and performance of AGL's obligations due under the Ashville, Edinburg, Preserve Note pursuant to an Unconditional

3

4813-1954-9458.1

Guaranty dated December 31, 2010 (the "Ainslie - AGL Guaranty"). A genuine copy of the Ainslie - AGL Guaranty is attached hereto as **Exhibit C**.

15. Ainslie unconditionally guaranteed the payment and performance of AGI's obligations due under the Ashville, Edinburg, Preserve Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Ainslie - AGI Guaranty"). A genuine copy of the Ainslie - AGI Guaranty is attached hereto as **Exhibit D**.

16. Ainslie, Jr. unconditionally guaranteed the payment and performance of AGL's obligations due under the Ashville, Edinburg, Preserve Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Ainslie, Jr. - AGL Guaranty"). A genuine copy of the Ainslie, Jr. - AGL Guaranty is attached hereto as **Exhibit E**.

17. Ainslie, Jr. unconditionally guaranteed the payment and performance of AGI's obligations due under the Ashville, Edinburg, Preserve Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Ainslie, Jr. - AGI Guaranty"). A genuine copy of the Ainslie, Jr. - AGI Guaranty is attached hereto as **Exhibit F**.

### B. The Lake Archway Loan

18. AGI is indebted to Wells Fargo pursuant to a Promissory Note dated December 31, 2010 in the original principal amount of $661,745.00, as amended and/or modified (the "Lake Archway Note"). A genuine copy of the Lake Archway Note is attached hereto as **Exhibit G**.

19. Widener unconditionally guaranteed the payment and performance of all obligations due under the Lake Archway Note pursuant to the Widener Guaranty, dated December 31, 2010, and attached hereto as **Exhibit B**.

4813-1954-9458.1

20. Ainslie unconditionally guaranteed the payment and performance of AGI's obligations due under the Lake Archway Note pursuant to the Ainslie - AGI Guaranty dated December 31, 2010, and attached hereto as **Exhibit D.**

21. Ainslie, Jr. unconditionally guaranteed the payment and performance of AGI's obligations due under the Lake Archway Note pursuant to the Ainslie, Jr. - AGI Guaranty, dated December 31, 2010, and attached hereto as **Exhibit F.**

### C. Birdneck, Greystone, Riverfront Loan

22. CH and AGI are indebted to Wells Fargo pursuant to a Promissory Note dated December 31, 2010 in the original principal amount of $702,959.00, as amended and/or modified (the "Birdneck, Greystone, Riverfront Note"). A genuine copy of the Birdneck, Greystone, Riverfront Note is attached hereto as **Exhibit H.**

23. Cohen unconditionally guaranteed the payment and performance of all obligations due under the Birdneck, Greystone, Riverfront Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Cohen Guaranty"). A genuine copy of the Cohen Guaranty is attached hereto as **Exhibit I.**

24. Widener unconditionally guaranteed the payment and performance of all obligations due under the Birdneck, Greystone, Riverfront Note pursuant to the Widener Guaranty, dated December 31, 2010, and attached hereto as **Exhibit B.**

25. Ainslie unconditionally guaranteed the payment and performance of AGI's obligations due under the Birdneck, Greystone, Riverfront Note pursuant to the Ainslie - AGI Guaranty dated December 31, 2010, and attached hereto as **Exhibit D.**

26. Ainslie unconditionally guaranteed the payment and performance of CH's obligations due under the Birdneck, Greystone, Riverfront Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Ainslie - CH Guaranty" and together with the Ainslie –

AGL Guaranty and the Ainslie – AGI Guaranty, the "Ainslie Guaranties"). A genuine copy of the Ainslie - CH Guaranty is attached hereto as **Exhibit J**.

27. Ainslie, Jr. unconditionally guaranteed the payment and performance of AGI's obligations due under the Birdneck, Greystone, Riverfront Note pursuant to the Ainslie, Jr. - AGI Guaranty dated December 31, 2010, and attached hereto as **Exhibit F**.

28. Ainslie, Jr. unconditionally guaranteed the payment and performance of CH's obligations due under the Birdneck, Greystone, Riverfront Note pursuant to an Unconditional Guaranty dated December 31, 2010 (the "Ainslie, Jr. - CH Guaranty" and together with the Ainslie, Jr. – AGL Guaranty and the Ainslie, Jr. – AGI Guaranty, the "Ainslie, Jr. Guaranties"). A genuine copy of the Ainslie, Jr. - CH Guaranty is attached hereto as **Exhibit K**.

## COUNT I – BREACH OF CONTRACT AGAINST AGL AND AGI

29. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

30. AGL and AGI have defaulted under the Ashville, Edinburg, Preserve Note, Wells Fargo has accelerated the amount due under the Ashville, Edinburg, Preserve Note and all amounts owed thereunder are due and payable in full.

31. The Ashville, Edinburg, Preserve Note defines default, among other things, to include "[t]he failure of timely payment or performance of the Obligations or Default under this Note or any other Loan Documents." **Exhibit A, p. 4**.

32. Wells Fargo has given notice of the default and acceleration with regard to the Ashville, Edinburg, Preserve Note and has made written demand for payment of the outstanding balance due under the Ashville, Edinburg, Preserve Note pursuant to that certain demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit L**.

33. Despite written demand, AGL and AGI have failed to pay Wells Fargo the amounts due under the terms of the Ashville, Edinburg, Preserve Note and the defaults are continuing.

34. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Ashville, Edinburg, Preserve Note.

35. As of January 3, 2013, the outstanding indebtedness owed by AGL and AGI in accordance with the Ashville, Edinburg, Preserve Note was no less than $3,180,950.81, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without limitation, attorneys' fees. A summary of the obligations owed by AGL and AGI is set forth in a Statement of Account Affidavit attached hereto as **Exhibit M** (the "Account Affidavit").

**WHEREFORE**, Wells Fargo demands judgment against AGL and AGI, jointly and severally among themselves and the other Defendants as provided for in this Complaint, for the principal indebtedness outstanding under the Ashville, Edinburg, Preserve Note, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

## COUNT II – BREACH OF CONTRACT AGAINST AGI

36. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

37. AGI has defaulted under the Lake Archway Note, Wells Fargo has accelerated the amount due under the Lake Archway Note and all amounts owed thereunder are due and payable in full.

4813-1954-9458.1

38. The Lake Archway Note defines default, among other things, to include "[t]he failure of timely payment or performance of the Obligations or Default under this Note or any other Loan Documents." **Exhibit G, p. 3**.

39. Wells Fargo has given notice of the default and acceleration with regard to the Lake Archway Note and has made written demand for payment of the outstanding balance due under the Lake Archway Note pursuant to a demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit L**.

40. Despite written demand, AGI has failed to pay Wells Fargo the amounts due under the terms of the Lake Archway Note and the defaults are continuing.

41. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Lake Archway Note.

42. As of January 3, 2013, the outstanding indebtedness owed by AGI in accordance with the Lake Archway Note was no less than $312,945.86, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without limitation, attorneys' fees. A summary of the obligations owed by AGI is set forth in the Account Affidavit.

**WHEREFORE**, Wells Fargo demands judgment against AGI, jointly and severally with the other Defendants as provided for in this Complaint, for the principal indebtedness outstanding under the Lake Archway Note, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

## COUNT III – BREACH OF CONTRACT AGAINST CH AND AGI

43. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

4813-1954-9458.1

44. CH and AGI have defaulted under the Birdneck, Greystone, Riverfront Note, Wells Fargo has accelerated the amount due under the Birdneck, Greystone, Riverfront Note and all amounts owed thereunder are due and payable in full.

45. The Birdneck, Greystone, Riverfront Note defines default, among other things, to include "[t]he failure of timely payment or performance of the Obligations or Default under this Note or any other Loan Documents." **Exhibit H, p. 4.**

46. Wells Fargo has given notice of the default and acceleration with regard to the Birdneck, Greystone, Riverfront Note and has made written demand for payment of the outstanding balance due under the Birdneck, Greystone, Riverfront Note pursuant to a demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit L.**

47. Despite written demand, CH and AGI have failed to pay Wells Fargo the amounts due under the terms of the Birdneck, Greystone, Riverfront Note and the defaults are continuing.

48. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Birdneck, Greystone, Riverfront Note.

49. As of January 3, 2013, the outstanding indebtedness owed by CH and AGI in accordance with the Birdneck, Greystone, Riverfront Note was no less than $194,356.64, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without limitation, attorneys' fees. A summary of the obligations owed by CH and AGI is set forth in the Account Affidavit.

**WHEREFORE**, Wells Fargo demands judgment against CH and AGI, jointly and severally among themselves and the other Defendants as provided for in this Complaint, for the principal indebtedness outstanding under the Birdneck, Greystone, Riverfront Note, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or

hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

### COUNT IV – BREACH OF CONTRACT - COHEN GUARANTY

50. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

51. Cohen unconditionally guaranteed the payment and performance of all obligations due under the Birdneck, Greystone, Riverfront Note pursuant to the Cohen Guaranty, attached hereto as **Exhibit I, p.1**.

52. All amounts due and owing on the Birdneck, Greystone, Riverfront Note are immediately due and payable.

53. Default has occurred in the repayment of the Cohen Guaranty for, among other things, Cohen's failure to timely make the payments required thereunder.

54. Wells Fargo has made written demand for payment of the outstanding balances due under the Birdneck, Greystone, Riverfront Note and the Cohen Guaranty pursuant to a demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit N**.

55. Despite written demand, Cohen has failed to pay Wells Fargo the amounts due under the terms of the Birdneck, Greystone, Riverfront Note and the Cohen Guaranty and the defaults are continuing.

56. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Birdneck, Greystone, Riverfront Note and the Cohen Guaranty.

57. As of January 3, 2013, the outstanding indebtedness owed by Cohen in accordance with the Cohen Guaranty was no less than $194,356.64, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without

limitation, attorneys' fees. A summary of the obligations owed by Cohen is set forth in the Account Affidavit.

**WHEREFORE**, Wells Fargo demands judgment against Cohen, jointly and severally with the other Defendants as provided for in this Complaint, in accordance with the Cohen Guaranty for the principal indebtedness outstanding under the Birdneck, Greystone, Riverfront Note, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

## COUNT V – BREACH OF CONTRACT - WIDENER GUARANTY

58. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

59. Widener unconditionally guaranteed the payment and performance of all obligations due under the Ashville, Edinburg, Preserve Note, the Lake Archway Note, and the Birdneck, Greystone, Riverfront Note (collectively, the "Notes") pursuant to the Widener Guaranty, attached hereto as **Exhibit B.**

60. All amounts due and owing on the Notes are immediately due and payable.

61. Default has occurred in the repayment of the Widener Guaranty for, among other things, Widener's failure to timely make the payments required thereunder.

62. Wells Fargo has made written demand for payment of the outstanding balances due under the Notes and the Widener Guaranty pursuant to a demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit N.**

63. Despite written demand, Widener has failed to pay Wells Fargo the amounts due under the terms of the Notes and the Widener Guaranty and the defaults are continuing.

64. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Notes and the Widener Guaranty.

65. As of January 3, 2013, the outstanding indebtedness owed by Widener in accordance with the Widener Guaranty and the Notes was no less than $3,688,253.31, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without limitation, attorneys' fees. A summary of the obligations owed by Widener is set forth in the Account Affidavit.

**WHEREFORE**, Wells Fargo demands judgment against Widener, jointly and severally with the other Defendants as provided for in this Complaint, in accordance with the Widener Guaranty for the principal indebtedness outstanding under the Notes, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

## COUNT VI – BREACH OF CONTRACT - AINSLIE GUARANTY

66. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

67. Ainslie unconditionally guaranteed the payment and performance of all obligations due under the Notes pursuant to the Ainslie Guaranties, attached hereto as **Exhibits C, D, & J**.

68. All amounts due and owing on the Notes are immediately due and payable.

69. Default has occurred in the repayment of the Ainslie Guaranties for, among other things, Ainslie's failure to timely make payments required thereunder.

4813-1954-9458.1

70. Wells Fargo has made written demand for payment of the outstanding balances due under the Notes and the Ainslie Guaranties pursuant to a demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit N**.

71. Despite written demand, Ainslie has failed to pay Wells Fargo the amounts due under the terms of the Notes and the Ainslie Guaranties and the defaults are continuing.

72. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Notes and the Ainslie Guaranties.

73. As of January 3, 2013, the outstanding indebtedness owed by Ainslie in accordance with the Ainslie Guaranties and the Notes was no less than $3,688,253.31, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without limitation, attorneys' fees. A summary of the obligations owed by Ainslie is set forth in the Account Affidavit.

**WHEREFORE**, Wells Fargo demands judgment against Ainslie, jointly and severally with the other Defendants as provided for in this Complaint, in accordance with the Ainslie Guaranties for the principal indebtedness outstanding under the Notes, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

## COUNT VII – BREACH OF CONTRACT - AINSLIE, JR. GUARANTY

74. Wells Fargo adopts and incorporates all preceding paragraphs as if fully set forth herein.

75. Ainslie, Jr. unconditionally guaranteed the payment and performance of all obligations due under the Notes pursuant to the Ainslie, Jr. Guaranties, attached hereto as **Exhibits E, F & K**.

76. All amounts due and owing on the Notes are immediately due and payable.

77. Default has occurred in the repayment of the Ainslie, Jr. Guaranties for, among other things, Ainslie, Jr.'s failure to timely make the payments required thereunder.

78. Wells Fargo has made written demand for payment of the outstanding balances due under the Notes and the Ainslie, Jr. Guaranties pursuant to a demand letter dated December 5, 2012, a copy of which is attached hereto as **Exhibit N**.

79. Despite written demand, Ainslie, Jr. has failed to pay Wells Fargo the amounts due under the terms of the Notes and the Ainslie, Jr. Guaranties and the defaults are continuing.

80. Wells Fargo has performed all conditions, covenants and promises required of it under the terms and conditions of the Notes and the Ainslie, Jr. Guaranties.

81. As of January 3, 2013, the outstanding indebtedness owed by Ainslie, Jr. in accordance with the Ainslie, Jr. Guaranties and the Notes was no less than $3,688,253.31, which amount does not include interest accruing after January 3, 2013 and costs and expenses, including, without limitation, attorneys' fees. A summary of the obligations owed by Ainslie, Jr. is set forth in the Account Affidavit.

**WHEREFORE**, Wells Fargo demands judgment against Ainslie, Jr., jointly and severally with the other Defendants as provided for in this Complaint, in accordance with the Ainslie, Jr. Guaranties for the principal indebtedness outstanding under the Notes, plus accrued interest, late charges, costs, fees and expenses, including attorneys' fees, now existing or hereinafter incurred, as well as such other relief to which Wells Fargo may be entitled and which is just and proper in this action.

**WELLS FARGO BANK, NATIONAL ASSOCIATION,**

By: _____
Counsel

15

---
**KUTAK ROCK LLP**
Michael A. Condyles (VSB No. 27807)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
Tel: (804) 644-1700
Fax: (804) 783-6192
michael.condyles@kutakrock.com
jeremy.williams@kutakrock.com
*Counsel for Wells Fargo Bank, National Association*

4813-1954-9458.1